do not of themselves constitute a contract of guaranty, and will be understood generally as meaning that the order had the approval of the officer whose name appears.

2. GUARANTY, § 3*—*when officer of corporation not liable.* An officer of a corporation refused to sign a form guarantying payment of the corporation's order but marked the order with the letters "O. K.," and his clerk without authority wrote the seller in his name, the seller that the "O. K.." would have to suffice as a guaranty. The alleged guarantor testified the clerk had no authority to write such letter, that it was not written in accordance with the directions given and that he marked the order as an approval. *Held,* a guaranty was not established and a verdict should have been directed.

3. GUARANTY, § 12*—*scope of liability.* *The liability of a guarantor is limited to the express terms of his undertaking and cannot be extended by implication.*

---

### Edward J. Welch, Appellee, v. Helen M. Newbold, Appellant.

### Gen. No. 18,818.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 2, 1913. Rehearing denied December 16, 1913.

### Statement of the Case.

Action by Edward J. Welch against Helen M. Newbold upon an account stated made up of items of disbursements by plaintiff as attorney and business agent for defendant and including charges for professional services based upon a monthly compensation fixed by a written contract. From a judgment for plaintiff for $6,135.41, defendant appeals.

JOSEPH B. FLEMING, for appellant.

HENRY R. RATHBONE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 29*—*when refusal to require more specific statement of claim is not reviewed.* The discretion vested in a trial judge in not requiring a more specific statement of claim was not abused where interrogatories and answers, as permitted under the practice of the Municipal Court of Chicago, were filed by the defendant.

2. EVIDENCE, § 164*—*when letter is not self-serving.* Where an attorney writes to his client a letter in the nature of a demand for payment of his fees and disbursements and the client replies promising payment, his letter is not a self-serving declaration and both letters are admissible in evidence.

3. LIMITATION OF ACTIONS, § 117*—*when evidence is sufficient to show promise.* Where in an action upon an account stated the plaintiff testifies he presented the account and was promised payment in part at a certain time and the balance later and is corroborated by another witness, which testimony is denied by the defendant, there is sufficient proof of the admission of the debt and a promise to pay so that the statute of limitations does not apply.

4. INSTRUCTIONS, § 28*—*when oral instruction proper.* Written instructions may be refused in the Municipal Court of Chicago, where the court determines to charge the jury orally.

---

### Frank L. Tuttle, Appellee, v. Helen M. Newbold, Appellant.

### Gen. No. 18,825.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 2, 1913.

### Statement of the Case.

Action by Frank L. Tuttle against Helen M. Newbold to recover on a claim for services and disburse-

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.